FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MATTHEW G. SILVA,

Plaintiff,

v.

JEFFREY UTTECHT, et al.,

Defendants.

No.   4:15-CV-05094-SMJ

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court, without oral argument, is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 6.  Defendants asks the Court to dismiss the action because the Plaintiff's complaint is vague and conclusory and fails to establish any constitutional claims against the Defendants.  The Court agrees, and grants the Defendants' motion.

Plaintiff primary claims are that Defendants (1) retaliated against him and prevented him from accessing the courts during his incarceration from 2012 and 2013 in violation of the First Amendment, and (2) destroyed an unidentified typewriter.

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may grant a dismissal for failure to state a claim "if it appears beyond doubt that

ORDER **-** 1

1  the plaintiff can prove no set of facts in support of his claim that would entitle him

2  to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting

3  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on the

4  lack of a cognizable legal theory or the absence of sufficient facts alleged under a

5  cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th

6  Cir. 1988).

7  **42 U.S.C. § 1983**

8  To state a claim under 42 U.S.C. § 1983, at least two elements must be met:

9  (1) the defendant must be a person acting under color of state law; and (2) his

10  conduct must have deprived the plaintiff of rights, privileges, or immunities

11  secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451

12  U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*,

13  474 U.S. 327 (1986). Implicit in the second element is a third element of

14  causation. *See Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274,

15  286-87 (1977). When a plaintiff fails to allege or establish one of the three

16  elements, his complaint must be dismissed. *Id.* Thus, Silva must allege sufficient

17  facts showing how each defendant committed an affirmative act, or omitted to

18  perform an act, that he or she is legally required to do, and which causes the

19  plaintiff's deprivation. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

20

ORDER - 2

1    Here, Defendants Uttecht, Bailey, and Lang are named under a respondeat

2  superior theory of liability. Defendants in a 42 U.S.C. § 1983 action, however,

3  cannot be held liable based on a theory of respondeat superior or vicarious

4  liability. *Starr v. Baca*, 652 F.3d 1202, 1206-07 (9th Cir. 2011). Therefore,

5  Defendants Uttecht, Bailey, and Lang are dismissed from this case.

6    Similarly, Plaintiff fails to allege sufficient facts establishing the personal

7  participation of Defendants Scantlin, Ford, Fluaitt, Scilley, McCourtie, Carr and

8  Dittman. The sole allegation against these seven Defendants is that Silva allegedly

9  notified them of vaguely described retaliation against him but Defendants failed to

10  stop the retaliatory action. None of the Defendants are alleged to have committed

11  a retaliatory act, or omitted to perform an act, that they were legally required to

12  perform.

13    Additionally, Defendants Lang, Dittman, and Carr are not prison employees

14  but assistant attorneys general. *See* ECF No. 1-1 at 3-4. As employees of an

15  independently elected Attorney General, they do not control actions taken by the

16  Department or its employees. *See* RCW 43.10.030, .040. Plaintiff can prove no set

17  of facts in support of his claim that would entitle him to relief against these three

18  Defendants. *See Kinston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).

19    Silva's vague and tenuous allegations against the Defendants are not

20  sufficient to show personal participation. This is fatal to Silva's complaint.

ORDER **-** 3

1  Therefore, Defendants Uttecht, Bailey, Scantlin, Ford, Fluaitt, Scilley, McCourtie,

2  Lang, Carr, and Dittman are dismissed from the action.

3      **Access to Counts**

4      Silva also fails to allege an access to courts claim upon which relief can be

5  granted against the Defendants.  Silva's claims are all in the past and he must

6  show actual injury. *See Lewis*, 518 U.S. at 349. Actual injury is a jurisdictional

7  requirement that flows from the standing doctrine and may not be waived. A

8  backward-looking access claim must identify a nonfrivolous or arguable claim lost

9  due to the Defendants' actions. *Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir.

10  2011)

11      Plaintiff must identify his "predicate claim . . . well enough to apply the

12  'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim

13  is more than hope." *Christopher v. Harbury,* 536 U.S. 403, 412–15 (2002). The

14  complaint should "state the underlying claim in accordance with Federal Rule of

15  Civil Procedure 8(a) just as if it were being independently pursued, and a like

16  plain statement should describe any remedy available under the access claim and

17  presently unique to it." *Id.* at 417-418. Failure to provide sufficient information

18  about the underlying claim(s) warrants dismissal of the case. *See Christopher*, 536

19  U.S. at 418-19.

20

ORDER **-** 4

Here, Plaintiff asserts that the Defendants' unidentified actions caused cases to be dismissed and caused him to settle cases for "pennies on the dollar." ECF No. 1-1 at 5. However, Plaintiff fails to identify these cases and the nonfrivolous or arguable claims he was unable to pursue. Silva's failure to properly allege these cases and and his failure to provide any actual injury based on Defendants' actions is fatal to his access to courts claim.

This claim is dismissed.

**Retaliation Claim**

To succeed on a retaliation claim in the prison context, an inmate must prove: (1) a defendant took some adverse action against the inmate, (2) because of (3) the inmate's protected conduct and that this action (4) chilled the inmate's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Finally, an inmate bringing a retaliation claim must show that Defendants' actions did not reasonably advance a legitimate correctional goal.

Here, Plaintiff only allegation is that Defendants were informed of an alleged pattern of retaliation and none of the Defendants prevented the alleged retaliation.

Plaintiff's allegations do not establish that any Defendant took any adverse actions against him due to his activity in protected conduct. He also fails to allege

ORDER - 5

1   that his conduct has been chilled. Therefore, Silva cannot establish Defendants

2   took adverse action against him due to his exercise of constitutionally protected

3   conduct. Furthermore, he fails to show his exercise of constitutionally protected

4   conduct was a substantial or motivating factor behind the Defendants' conduct.

5        This claim is dismissed.

6   **Typewriter Claim**

7        Silva alleges Defendants are liable for the destruction of an unidentified

8   typewriter. Silva fails to indicate what, if any, actions any one Defendant took to

9   cause the loss of this unspecified typewriter. This alone is sufficient to dismiss this

10  claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

11       This claim is dismissed.

12       Accordingly, **IT IS HEREBY ORDERED**:

13       **1.**     Defendant's Motion to Dismiss, **ECF No. 6**, is **GRANTED.**

14       **2.**     All claims are **DISMISSED WITHOUT PREJUDICE,** with all

15                  parties to bear their own costs and attorneys' fees.

16

17

18

19

20

ORDER **-** 6

1

2      **3.**      All pending motions are **DENIED AS MOOT.**

3      **4.**      All hearings and other deadlines are **STRICKEN.**

4      **5.**      The Clerk's Office is directed to **CLOSE** this file.

5      **DATED** this 28th day of June 2016.

6

7                          _____
                           SALVADOR MENDOZA, JR.
                           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

Q:\SMJ\Civil\2015\Silva v  Uttecht-5094\Ord grant MTD LC2 docx

ORDER **-** 7